UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NEVRO CORPORATION SPINAL CORD STIMULATOR PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to: ALL ACTIONS | Case No. 26-md-03195-HSG<br><br>MDL 3195<br><br>**PRETRIAL ORDER NO. 1** |

The Judicial Panel on Multidistrict Litigation ("the Panel") has transferred certain product liability actions relating to allegedly defective implantable spinal cord stimulator devices manufactured by Nevro to this Court for coordinated pretrial proceedings. As the nature of these actions warrant holding a single, coordinated initial status conference for all actions, the Court **ORDERS** as follows:

**1. Applicability of Order**

Prior to the initial case management conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the Panel. This Order also applies to all related cases filed in all divisions of the Northern District of California and all "tag along actions" later filed in, removed to, or transferred to this Court.

**2. Coordination**

The civil actions transferred to this Court or related to the actions already pending before this Court are coordinated for pretrial purposes. Any "tag-along actions" later filed in, removed to, or transferred to this Court, or directly filed in the Northern District of California, will automatically be coordinated with this action without the necessity of future motions or orders.

United States District Court
Northern District of California

United States District Court
Northern District of California

This coordination does not constitute a determination whether the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which the party has not been named, served, or added in accordance with the Federal Rules of Civil Procedure. To facilitate the efficient coordination of cases in this matter, all parties to this action shall notify the Panel of other potential related or "tag-along" actions of which they are aware or become aware.

**3. Master Docket File**

The Clerk of Court will maintain a master docket case file styled as "In re: Nevro Corporation Spinal Cord Stimulator Products Liability Litigation" and the identification "MDL No. 3195." When a pleading is intended to apply to all actions, this shall be indicated by the words: "This Document Relates to: ALL ACTIONS." When a pleading is intended to apply to fewer than all cases, this Court's docket number for each individual case to which the document relates shall appear immediately after the words "This Document Relates to."

**4. Filing**

Each attorney of record is obligated to become a Northern District of California ECF User and be assigned a user ID and password for access to the system. If counsel has not already done so, counsel shall register as an ECF User and be issued an ECF User ID and password. Forms and instructions can be found on the Court's website at www.cand.uscourts.gov/cm-ecf. All documents shall be e-filed in Master Case No. 26-md-03195. Documents that pertain to one or only some of the pending actions shall also be e-filed in the individual case(s) to which the document pertains. Registration instructions for parties unrepresented by an attorney who wish to e-file can be found on the Court's website at www.cand.uscourts.gov/ECF/proseregistration.

**5. Appearances**

Counsel who are not admitted to practice before the Northern District of California must file an application to be admitted pro hac vice. *See* N.D. Cal. Civil Local Rule 11-3. The requirement that pro hac vice counsel retain local counsel, *see* N.D. Cal. Civil Local Rule 11-3(a)(3) is waived and does not apply to this MDL action. The Court generally requires in person as opposed to video appearances for any counsel wishing to participate in a motion hearing and will allow attorneys to observe/listen to the proceedings by video/telephone if they do not intend to speak. The Court may

United States District Court
Northern District of California

hold status and discovery conferences by Zoom rather than in person.

**6. Liaison Counsel**

Prior to the initial status conference, counsel for Plaintiffs and counsel for Defendants shall, to the extent they have not already done so, confer and seek consensus on the selection of a candidate for the position of liaison counsel for each group who will be charged with essentially administrative matters. For example, liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks determined by the Court. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Panel or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. The expenses incurred in performing the services of liaison counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or set by the Court failing such agreement. Appointment of liaison counsel shall be subject to the Court's approval.

**7. Lead Counsel & Plaintiffs' Steering Committee**

The Court will consider the appointment of lead counsel(s) and, if appropriate, a Plaintiffs' Steering Committee ("PSC"), to conduct and coordinate the pretrial stage of this litigation with Defendants' representatives or committee. The Court requires an individual application for a lead counsel or steering committee position. Any attorney who has filed an action in this MDL litigation may apply for a lead counsel or steering committee position or both.

Applications/nominations for Plaintiffs' lead counsel(s) and PSC positions must be e-filed in Master Case No. 26-md-3195 on or before **November 30, 2026**.

Each attorney's application shall include a resume no longer than two pages and a letter no longer than three pages (single-spaced) addressing the following criteria:

- the identification of the cases in which counsel represent Plaintiff(s) in this MDL action and any related cases not part of the MDL, even if no longer pending;
- professional experience in this type of litigation, including MDL experience as lead or liaison counsel and/or service on any plaintiffs' committees or subcommittees;
- the names and contact information of judges before whom the applicant has appeared in the matters discussed in response to the above;
- willingness and ability immediately to commit to time-consuming litigation;
- willingness and ability to work cooperatively with other plaintiffs' counsel and defense counsel;
- access to resources to prosecute the litigation in a timely manner;
- willingness to serve as lead counsel, a member of a steering committee, or both;
- any other considerations that qualify counsel for a leadership position.

Applications may also include an attachment indicating the names of other counsel who have filed cases in this MDL litigation and support the applicant's appointment as lead counsel or a PSC member.

All responses or objections to applications must be e-filed in Master Case No. 26-md-3195, on or before **December 14, 2026**, and are likewise limited to three single-spaced pages.

**8. Initial Status Conference Date**

The Court will hold an initial in-person status conference on **Friday, December 18, 2026, at 10:00 a.m.** in Courtroom 2, Fourth Floor, United States Courthouse, 1301 Clay Street, Oakland, California. At that time lead counsel and PSC applicants will have the opportunity to address the Court briefly in person. Counsel (and litigants) who do not intend to speak may listen to the proceedings via an audio or video broadcast. Thereafter, the Court will appoint lead counsel(s) and members of the steering committee(s), if needed, as soon as practicable.

Initial matters relating to pretrial proceedings in these cases will be addressed at the December 18 conference. Counsel shall be prepared to suggest procedures to facilitate the expeditious, economical, and just resolution of this litigation.

**9. Initial Case Management Conference Statement**

To the extent possible, on or before **December 15, 2026,** Plaintiffs and Defendants shall jointly submit to the Court a written submission (1) identifying all cases that have been transferred to or related before this Court, and (2) all pending motions in those cases. The submission shall also list all related cases pending in state or federal court that have not already been transferred to this Court, together with their current status, including any discovery taken to date (to the extent known).

The Statement may also provide background to the litigation. The Court is familiar with the filings made by the parties before the Panel. If the parties have any suggestions as to any case management orders or additional agenda items, these suggestions shall be included in the Statement.

A party may submit a separate statement if the party believes it is necessary.

**10. Initial Case Management Conference Appearances**

Each party represented by counsel shall appear at the initial case management conference through the party's attorney who will have primary responsibility for the party's interest in this litigation. Parties not represented by counsel may appear in person or through an authorized and responsible agent. To minimize costs and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent the party's interest at the conference. A party will not, by designating an attorney to represent the party's interest at the conference, be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue or service.

**11. Response Extension and Stay**

Defendants are granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court. Pending the initial case management conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. Moreover, briefing on all pending motions is also stayed and any already-scheduled hearing dates are vacated. Any orders, including protective orders, previously entered by any transferor district court shall remain in full force and effect unless modified by this Court upon application.

United States District Court
Northern District of California

**12. Evidence Preservation**

All parties and counsel are reminded of their duty to preserve evidence that may be relevant to this action, including electronically stored information. Any evidence preservation order previously entered in any of the transferred actions shall remain in full force and effect until further order of the Court. Until the parties reach an agreement on a preservation plan for all cases or the Court orders otherwise, each party shall take reasonable steps to preserve all evidence that may be relevant to this litigation. Counsel, as officers of the court, are obligated to exercise all reasonable efforts to identify and notify parties and non-parties, including employees of corporate or institutional parties, of their preservation obligations.

**13. Communication with the Court**

Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing and e-filed. The Court recognizes that cooperation by and among Plaintiffs' counsel and by and among Defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between Plaintiffs' counsel and among and between Defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorneys' work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any Plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

**14. Expediting Schedule**

To the extent the parties agree that a more expedited schedule for the appointment of lead counsel/PSC and the initial case management conference is appropriate, the parties may file a stipulation and proposed order for the Court's consideration.

**IT IS SO ORDERED.**

Dated: 10/14/2026

Haywood S. Gilliam, Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge